**Ruth STAIRS, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 11–17240.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2013.\*

Filed June 10, 2013.

Sengthiene Bosavanh, Esquire, Law Offices of Jeffrey Milam, Modesto, CA, Ralph Wilborn, Esquire, Ralph Wilborn &

Etta L. Wilborn, P.C., Sahuarita, AZ, for Plaintiff–Appellant.

Lynn M. Harada, Assistant Regional Counsel, Social Security Administration Office of the General Counsel, San Francisco, CA, Jeffrey James Lodge, Assistant U.S., Office of the U.S. Attorney, Fresno, CA, for Defendant–Appellee.

Before: W. FLETCHER, GOULD, and CHRISTEN, Circuit Judges.

MEMORANDUM \*\*

Ruth Stairs, a successful Social Security benefits claimant, appeals the district court's reduction of her request for attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). We review a district court's denial of attorneys' fees under the EAJA for abuse of discretion. *See Lewis v. Barnhart,* 281 F.3d 1081, 1083 (9th Cir.2002). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In its denial or reduction of attorneys' fees, the district court must offer a clear and concise explanation, but the explanation does not need to be elaborate. *Moreno v. City of Sacramento,* 534 F.3d 1106, 1111 (9th Cir.2008). A district court has "substantial discretion in fixing the amount of an EAJA award." *Comm'r, INS v. Jean,* 496 U.S. 154, 163, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Here, the magistrate judge adequately explained his reasoning for reducing attorney Sengthiene Bosavanh's fees for reviewing various documents, duplicating work, and preparing EAJA time sheets. He also adequately explained his reasons for reducing attorney Ralph Wilborn's fees for preparing the opening and reply briefs and the EAJA time sheets. The magistrate judge appropriately recognized that many issues from the Confidential Letter Brief likely overlapped with the issues raised in the opening and reply briefs, reducing the time necessary to prepare those briefs. The magistrate judge was in a better position to judge the reasonableness of the time requested because he was familiar with the attorneys' work product. *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (district court has significant discretion due to its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters").

**AFFIRMED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.